**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **JAMES A. COUTTS,** | ) | **CASE NO. 4:13CV3144** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **MICHAEL L. KENNEY,** | ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court on Petitioner's Motion to Appoint Counsel. (Filing No. 31.) "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment of counsel] is committed to the discretion of the trial court." *McCall v. Benson,* 114 F.3d 754, 756 (8th Cir. 1997), (citations omitted). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire,* 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied,* 531 U.S. 984 (2000); *Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted); *see also* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, (requiring appointment of counsel if an evidentiary hearing is warranted). Upon review of the pleadings and Petitioner's Motion, there is no need for the appointment of counsel at this time.

    IT IS THEREFORE ORDERED that: Petitioner's Motion to Appoint Counsel (Filing No. 31) is denied.

    DATED this 19th day of May, 2014.

                                      BY THE COURT:

                                      s/Laurie Smith Camp
                                      Chief United States District Judge

---

    *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.